UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| REAN EASTERLING, | CASE NO. 4:23-cv-2140 |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| MAHONING COUNTY, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

## I. Background

*Pro se* plaintiff Rean Easterling, a federal pretrial detainee in the Mahoning County Justice Center ("MCJC" or "Jail"), has filed an *in forma pauperis* civil rights complaint under 42 U.S.C. § 1983 against seven defendants: Mahoning County; Sheriff Jerry Greene; County Commissioners D. Ditzler, C. Rimedio-Righettetti, and A. Trafficanti; Trinity Correctional Food Services; and MCJC Warden Kountz. (Doc. No. 1 at 2.)[1]

His complaint pertains to alleged conditions in the Jail. Specifically, he complains that: he is locked in a 77 square foot with another detainee for 15 hours a day; "the toilet is often backed up"; the prison is "short staffed making the jail a dangerous place"; Trinity Correctional Food Service does not provide "balanced meals of fruit & fish"; and the "County Commissioners & Sheriff don't spend all the . . . revenue collected for the [Jail]" on the Jail's operation. (Doc. No. 1-1 at 16, ¶¶ 5-9.)

In addition, he alleges he "is deprived of access to the Courts" because the Jail does not have a legal library or a place to prepare "legal papers for the Courts." (*Id*. at 15, ¶ 3.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Contending these conditions violate his constitutional rights, he seeks $2 million in damages and injunctive relief. (*Id.* at 17.)

## II. Law and Analysis

### A. Standard of Review

Although *pro se* pleadings are entitled to a liberal construction, *pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required under 28 U.S.C. § 1915(e) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service of any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To avoid a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)).

### B. Discussion

Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with § 1915(e).

#### 1. Individual Capacity

As an initial matter, Plaintiff's complaint does not set forth allegations reasonably suggesting that, or how, each of the named defendants was personally involved in or responsible

for the alleged Jail conditions he lists in his complaint. It is well-established that a plaintiff cannot establish the individual liability of a defendant under § 1983 absent a clear showing that the defendant was personally involved in the activities that form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 66 F.3d 326 (Table), 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995). Merely having general supervisory authority at an institution is insufficient to establish liability. *See Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005).

Where, as here, a plaintiff merely lists individuals in the caption of his complaint but fails to allege facts in the body of his complaint indicating each defendant's personal involvement in the rights violations he alleges, his complaint is subject to dismissal even under the liberal standard accorded *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

### 2. Official Capacity

Further, Plaintiff's complaint fails to state a claim against Defendants in their official capacities. An official capacity damages action against a state or municipal officer is the equivalent of an action against the public entity the officer serves. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's complaint does not contain allegations sufficient to state a claim against Mahoning County, the public entity Defendants serve. It is well-established that liability cannot be imposed on a local government under § 1983 solely on a theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). Rather, a local

government may be liable under § 1983 only for its own conduct, *i.e.*, "when a county 'policy' or 'custom' caused the plaintiff's [constitutional] injury and a 'direct causal link' existed between the policy and purported [rights violation]." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 946 (6th Cir. 2010). In order to state a claim against a local government, a plaintiff must "(1) identify the [government] policy or custom, (2) connect the policy to the [government entity], and (3) show that [his] particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cnty.*, 14 F.4th 585, 598 (6th Cir. 2021) (quoting *Morgan v. Fairfield Cnty.*, 903 F.3d 553, 566 (6th Cir. 2018)).

Once a plaintiff establishes the requisite causal connection, there are four ways that a plaintiff can demonstrate that a policy, practice or custom could allow for municipal liability: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Jackson v. City of Cleveland*, 622 F.Supp.3d 636, 641 (N.D. Ohio 2022) (citing *Lipman v. Budish*, 874 F.3d 726, 747 (6th Cir. 2020)).

Here, Plaintiff's complaint does not allege a custom or policy of Mahoning County, much less one connected to the conditions in the Jail of which he complains. Plaintiff's complaint likewise does not include allegations that fit into one of the four theories of municipal liability for an illegal policy, practice or custom. Accordingly, Plaintiff's complaint fails to state a claim against Defendants in their official capacity.

3. **Conditions of Confinement**

Further, even if the conditions of which Plaintiff complains could be construed as having resulted from an official county policy, practice or custom, his allegations do not demonstrate

that he suffered a constitutional deprivation.

Because Plaintiff is a pretrial detainee, his constitutional protections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being "punished prior to an adjudication of guilt," rather than the Eighth Amendment, which applies to prisoners convicted of crimes. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Lawler v. Hardeman Cty.*, No. 22-5898, 93 F.4th 919, 926-27 (6th Cir. 2024). Still, as the Sixth Circuit recently stated in *Lawler*, "the Supreme Court has long held that the Due Process Clause offers protections to pretrial detainees that at least match those afforded to convicted prisoners under the Eight Amendment." 93 F.4th at 926 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998)).

But, like Eighth Amendment claims brought by convicted prisoners, claims under the Fourteenth Amendment require that a pretrial detainee to demonstrate both subjective and objective components. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 316-17 (6th Cir. 2023). The objective component requires a plaintiff to show that he suffered a "sufficiently serious" condition or deprivation in the prison context. *Id.* at 317. In this regard, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" are sufficient to state a claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations omitted).

Plaintiff's allegations do not permit a plausible inference that he was deprived of "the minimal civilized measure of life's necessities." As other courts in the Sixth Circuit have held with respect to similar complaints by detainees and prisoners, Plaintiff's general complaints of inadequate resources, understaffing, double-bunking, lack of fish and fruit, and "often" backed-

5

up toilets in the Jail do not characterize objectively extreme deprivations in the prison context. *See Robinson v. Jackson*, 615 Fed. App'x 310, 314 (6th Cir. 2015) ("Prisoners have a constitutional right to meals that meet their nutritional needs . . . [b]ut there is no constitutional right to be served the specific foods he desires[.]"); *see also Agramonte v. Shartle*, 491 F.App'x 557, 560 (6th Cir. 2012) ("Overcrowding is not, in and of itself, a constitutional violation."); *Abdur-Reheem-X v. McGinnis*, 198 F.3d 244 (Table), 1999 WL 1045069, at *2 (6th Cir. 1999) (holding that the "Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets"); *see Teague v. Cty. of Mahoning, et al.*, No. 4: 23 CV 1856, 2024 WL 310098, at *3-4 (N.D. Ohio Jan. 26, 2024) (finding that similar complaints of overcrowding, inoperable toilets, and lack of fruit and fish on prison menu failed to satisfy the objective component of a conditions-of-confinement claim); *White v. Mahoning Cnty. Justice Ctr. et al.*, No. 4: 23 CV 1962, 2024 WL 278110, at * (N.D. Ohio Jan. 25, 2024) (finding that similar complaints of overcrowding, previous incidences of violence, incidences of inoperable toilets, and bacteria and fungus in showers failed to satisfy the objective component of a conditions-of-confinement claim); *Jones-Bey v. Jefferson Cty. Gov't*, No. 3:16-cv-657, 2017 WL 903467, at *2, 5-6 (W.D. Ky. Mar. 7, 2017) (rejecting claims that a facility's failure to spend the maximum permitted by its budget constitutes below standard living conditions).

This Court agrees with the reasoning of these decisions and, for the same reasons, finds that Plaintiff's complaint listing the same general conditions fails to allege a plausible conditions-of-confinement claim.

4. **Access to the Courts**

Finally, the Court finds that Plaintiff's complaint fails to state a plausible constitutional access-to-the-courts claim.

Although prisoners have a constitutional right under the First Amendment to access to the courts, including access to legal and writing materials, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), this right is not unlimited. To state a claim, a plaintiff must plead and demonstrate that his or her lack of access to legal materials actually hindered his or her efforts to pursue a non-frivolous direct criminal appeal, habeas corpus application, or civil rights action challenging the conditions of his confinement. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003).

Plaintiff states that the prison does not have a law library or a place to prepare legal papers. But he has not alleged that he suffered an actual injury to any non-frivolous direct criminal appeal, habeas corpus application, or civil rights action. Moreover, he has clearly been afforded sufficient resources to enable him to file his complaint in this case. Accordingly, his complaint does not allege a plausible First Amendment violation regarding his access to courts.

### III.    Conclusion

For all of the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** April 26, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE